



1  JOHN K. VINCENT
   United States Attorney
2  COURTNEY J. LINN
   Assistant U.S. Attorney
3  501 I Street, Suite 10-100
   Sacramento, California  95814
4  Telephone No. (916) 554-2755

5

6

7

8           IN THE UNITED STATES DISTRICT COURT FOR THE

9                    EASTERN DISTRICT OF CALIFORNIA

10

11 UNITED STATES OF AMERICA,       )   CIV-S-02-0894 LKK GGH
                                   )
12               Plaintiff,        )   FINAL JUDGMENT OF FORFEITURE
                                   )
13       v.                        )
                                   )
14 REAL PROPERTY LOCATED AT 5276   )
   LOS FRANCISCOS WAY, LOS         )
15 ANGELES COUNTY, LOS ANGELES,    )
   CALIFORNIA, APN: 5588-021-028,  )
16 INCLUDING ALL APPURTENANCES     )
   AND IMPROVEMENTS THERETO,       )
17                                 )
                 Defendant.        )
18 _____  )
                                   )
19 KHACHIK GEZVKARAYAN,            )
   STATE STREET BANK, and          )
20 BANK OF AMERICA,                )
                                   )
21               Claimants.        )
   _____  )
22

23      Pursuant to the Stipulation for Final Judgment of Forfeiture

24 filed herein, the Court finds:

25      1.  This is a civil forfeiture action against certain real

26 property listed in the caption above.  The real property is more

27 particularly described as: 5276 Los Franciscos Way, Los Angeles

28 County, Los Angeles, California, APN: 5588-021-028, legal

description:

>    LOT 35 OF TRACT NO. 29326, IN THE CITY OF LOS
>    ANGELES, COUNTY OF LOS ANGELES, STATE OF
>    CALIFORNIA, AS PER MAP RECORDED IN BOOK 731
>    PAGES 15 THROUGH 17 INCLUSIVE OF MAPS, IN THE
>    OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

2. A Complaint for Forfeiture *In Rem* was filed on April 24, 2002, seeking the forfeiture of the defendant real property, alleging that said property is forfeitable to the United States of America pursuant to 18 U.S.C. § 981(a)(1).

3. On May 17, 2002, in accordance with said Complaint, the defendant real property was posted with a copy of the complaint and notice of complaint.

4. On May 28, 2002, a Public Notice of Posting of defendant property appeared by publication in the <u>Daily Recorder</u>, a newspaper of general circulation in the district in which this action is pending. On July 18, 2002, a Public Notice of Posting of the defendant property appeared by publication in the <u>Los Angeles Bulletin</u>, a newspaper of general circulation in the county in which the defendant property was posted (Los Angeles County).

5. In addition to the Public Notice of Posting having been completed, actual notice was provided to Sirarpi Gezukarayan, Khachik Gezvkarayan, Banco Popular NA Texas (assigned to State Street Bank and Trust Company), Bank of America, and the Los Angeles County Assessor.

6. State Street Bank and Trust Company filed its verified claim on July 31, 2002. State Street Bank and Trust Company filed its answer to the complaint for forfeiture on August 2, 2002.

7. Bank of America, N.A., filed its verified claim and answer on November 21, 2002.

8. No other parties have filed claims or answers in this matter and the time for which any person or entity may file a claim and answer has expired.

Based on the above findings, and the Court being otherwise fully advised in the premises, it is hereby

ORDERED AND ADJUDGED:

8. The Court adopts the Stipulation for Final Judgment of Forfeiture entered into by and between the parties to this action.

    a. All right, title, and interest in the defendant real property shall be forfeited to the United States pursuant to 18 U.S.C. § 981(a)(1) to be disposed of according to law.

    b. The occupants of the defendant real property shall vacate the residence upon entry of the final judgment of forfeiture. The occupants shall remove all personal possessions, including all vehicles, furniture, and trash, and leave the property clean and in the same state of repair as the property was on the date it was posted. Any and all of occupants' personal possessions not removed will be disposed of by the United States without further notice.

    c. The U.S. Marshals Service shall list the defendant real property for sale with a licensed real estate broker. The U.S. Marshals Service shall have sole authority to select a real estate broker to handle the marketing and sale of the defendant property.

    d. The U.S. Marshals Service shall have the real property appraised by a licensed appraiser of its choosing.

    e. The following costs and expenses shall be paid in escrow from the gross sales price in the following priority and to the extent funds are available:

        (1) The costs incurred by the U.S. Marshals Service

1  to the date of close of escrow, including the cost of posting,
2  advertising, and maintenance.
3              (2) To State Street Bank and Trust Company, trustee
4  by way of an Assignment of Deed of Trust executed on February 28,
5  2000, duly assigned by Banco Popular N.A., Texas on the original
6  Promissory Note secured by a Deed of Trust was recorded on November
7  19, 1999, as Instrument No. 99 2155916, in the official records of
8  Los Angeles County for the original amount of $650,000.00, the
9  following:
10                  (i) The balance owing under the note and deed of
11                  trust;
12                  (ii) All unpaid interest at the contractual (not
13                  default) rate under the note and deed of trust
14                  recorded in the official records;
15                  (iii) All unpaid casualty insurance premiums
16                  from the date of the posting of the defendant
17                  real property;
18                  (iv) Reasonable attorney's fees not to exceed
19                  $2,000.00;
20                  (v) A total fee of not more than $200.00 to
21                  process a beneficiary demand statement and to
22                  record a reconveyance of the deed of trust.
23                  (vi) The exact amount to be paid to State Street
24                  Bank and Trust Company shall be determined at
25                  the time of escrow.
26              (3) To Bank of America, N.A. under the Deed of Trust
27  recorded on January 22, 2001 as Instrument No. 01-0110198 in the
28  official records of Los Angeles County, the following:

1                  (i) The balance owing on the line of credit
2                  secured by the deed of trust;
3                  (ii) All unpaid interest at the contractual (not
4                  default) rate under the deed of trust recorded
5                  in the official records;
6                  (iii) All unpaid casualty insurance premiums
7                  from the date of the posting of the defendant
8                  real property;
9                  (iv) Reasonable attorney's fees not to exceed
10                 $2,000.00;
11                 (v) A total fee of not more than $200.00 to
12                 process a beneficiary demand statement and to
13                 record a reconveyance of the deed of trust.
14                 (vi) The exact amount to be paid to Bank of
15                 America, N.A. shall be determined at the time of
16                 escrow.
17         (4) To Los Angeles County, any unpaid real property
18 taxes, which shall be prorated as of the date of the entry of the
19 Final Judgment of Forfeiture.
20         (5) A real estate commission not to exceed the U.S.
21 Marshals Service contractual brokerage fee.
22         (6) The costs of obtaining standard California Land
23 Title Association (CLTA) policy of title insurance, shall be paid
24 for by the seller.
25         (7) The seller shall pay any county transfer taxes.
26         (8) The costs of obtaining financing, including but
27 not limited to "points" shall be paid by the buyer of the real
28 property.

1        f. Any liens and encumbrances against the defendant real property that appear on record subsequent to the recording of plaintiff's Lis Pendens on April 26, 2002, as Instrument No. 02-0975594 in the County of Los Angeles, and prior to entry of the Final Judgment of Forfeiture herein may be paid out of escrow.

       g. The costs of a lender's policy of title insurance (ALTA) shall be paid for by the buyer.

       h. Each party to this stipulation shall execute all documents necessary to close escrow, if such signatures are required by the title insurer.

9. All parties to the stipulation hereby release plaintiff United States of America and its servants, agents, and employees and all other public entities, their servants, agents, and employees, from any and all liability arising out of or in any way connected with the arrest, forfeiture, or sale, of defendant property. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said arrest, forfeiture, or sale, as well as to those now known or disclosed. The parties to this stipulation waive the provisions of California Civil Code §1542.

10. There was reasonable cause for the arrest of defendant property, and the Court shall enter a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465.

11. All parties are to bear their own costs and attorneys' fees, except as provided for herein.

SO ORDERED THIS 13 day of Jan , 2003.

_____
LAWRENCE K. KARLTON
United States District Judge

CERTIFICATE OF REASONABLE CAUSE

Pursuant to the Complaint for Forfeiture *In Rem* filed on April 24, 2002, and the Stipulation for Final Judgment of Forfeiture filed herein, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the posting of the defendant real property.

DATED 1/13/03

LAWRENCE K. KARLTON
United States District Judge

1                 <u>CERTIFICATE OF SERVICE BY MAIL</u>

2     The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Eastern District of California and is a person of such age and discretion to be competent to serve papers; that on January 13, 2003, she served a copy of

5               **[proposed] FINAL JUDGMENT OF FORFEITURE**

by placing said copy in a postpaid envelope addressed to the person(s) hereinafter named, at the place(s) and address(es) stated below, which is/are the last known address(es), and by depositing said envelope and its contents in the United States Mail at Sacramento, California.
Addressee(s):

Sirarpi Gezukarayan
5276 Los Franciscos way
Los Angeles, CA 90027

William Graysen, Esq.
2049 Century Park East, Suite 2670
Los Angeles, CA 90067

Raffi Khatchadourian, Esq.
State Street Bank & Trust Co.
22837 Ventura Blvd., Suite 201
Woodland Hills, CA 91364

Kathryn B. Milstead, Esq.
Ivanjack & Lambirth, LLP
500 South Grand Ave., 21st Floor
Los Angeles, CA 90071-0904

Los Angeles County Assessor
Kenneth Hahn Hall of Administration
500 West Temple Street
Los Angeles, CA 90012-2770

*[signature]*

8

```
                    United States District Court
                              for the
                    Eastern District of California
                         January 16, 2003
```

* * CERTIFICATE OF SERVICE * *

2:02-cv-00894

USA

    v.

APN 5588-021-028

---

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Eastern District of California.

That on  January 16, 2003, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office, or, pursuant to prior authorization by counsel, via facsimile.

```
     Courtney J Linn                        AR/LKK
     United States Attorney
     501 I Street, Suite 10-100
     Sacramento, CA  95814

     Raffi Khatchadourian
     Law Offices of Ronald G Holbert
     22837 Ventura Boulevard, Suite 201
     Woodland Hills, CA  91364

     Kathryn B Milstead*
     Ivanjack and Lambirth LLP
     500 South Grand Avenue, 21st Floor
     Los Angeles, CA  90071-0904
```

                                                          Jack L. Wagner, Clerk

                                                          BY:
                                                             Deputy Clerk